### ENNIS *v.* CASE MANUF'G CO.

*(Circuit Court, E. D. Missouri, E. D.* March 25, 1887.)

PLEADING—DEPARTURE—REPLY—CONTRACT.

A petition, in an action at law for breach of a contract for services, alleged that the contract was made October 1, 1884, and that it covered services to be rendered from January 1, 1885, to December 31, 1885. The plea set up the defense that the contract was verbal, and was within the statute of frauds. The reply, which concluded with a general denial, averred that, on January 15, 1885, the contract of October 1, 1884, was modified by agreement, by striking out one of its provisions, and that, as thus modified, the plaintiff duly performed the same. *Held,* on demurrer to the reply, that the reply was to the effect that the contract was made on January 15, 1885, and not on October 1, 1884, as at first alleged, and hence was bad, as being in the nature of a departure from the original cause of action.

At Law. On demurrer to reply.

*O. B. Givens,* for plaintiff.

*William H. Bliss,* for defendant.

THAYER, J. This is an action at law for breach of a contract for services. The contract is alleged to have been made October 1, 1884, and covers services to be rendered from January 1, 1885, to December 31, 1885. A plea is interposed to the effect that the contract was verbal, and was not to be performed within one year, and hence is within the statutes of frauds. By way of reply to the plea, plaintiff avers that on the fifteenth of January, 1885, the contract of October 1, 1884, was modified by agreement by striking out one of its provisions, and that as thus

modified plaintiff duly performed the same. To the reply there is a demurrer. Obviously, that part of the reply which alleges a modification of the contract on January 15, 1885, is not a sufficient answer to the plea of the statute of frauds. If the pleader intended to state that, in point of fact, the contract described in his petition as made on October 1, 1884, was not made until January 15, 1885, and for that reason the plea of the statute is not tenable, then the reply is in the nature of a departure from the original cause of action, and on that ground the demurrer should be sustained. If, on the other hand, the pleader intends to adhere to the original averment that the contract on which he sues was made October 1, 1884, the plea of the statute remains unanswered, unless we construe the last clause of the reply (which is a general denial) as intended to be a response to the plea of the statute. We think it evident, from the form of the pleading, that the pleader intended to allege the modification of the contract on January 15, 1885, as a defense to the plea of the statute. In other words, we think he intended to say that the contract on which he sues was made on January 15, 1885, instead of October 1, 1884, as at first alleged. Our judgment is, therefore, that the reply is bad, as being a departure from the original cause of action. We accordingly sustain the demurrer. Plaintiff can only avail himself of the facts stated in the reply (if they constitute a defense to the plea) by an amendment of his petition. The petition cannot be amended by virtue of allegations contradictory thereof contained in the reply.